**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX (605) 224-9020


March 3, 2006

Curt R. Ewinger, Esq.
Counsel for Debtors
Post Office Box 96
Aberdeen, South Dakota  57402

Mr. Perry Baloun
Ms. Bernadette Baloun
17484 SD Highway 47
Highmore, South Dakota  57345

　　　　Subject:  *In re Perry and Bernadette Baloun*,
　　　　　　　　　 Chapter 13, Bankr. No. 04-30022

Dear Mr. Ewinger, Mr. Baloun, and Ms. Baloun:

　　　The matter before the Court is the *Application for Allowance of Attorneys Fees and Reimbursement of Expenses* filed by Curt R. Ewinger, counsel for Debtors, on February 8, 2006, and the objection to the *Application* filed by Debtors pro se on February 21, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying Order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the *Application* will be approved.

　　　*Summary.*  Attorney Curt R. Ewinger has served as Debtors' counsel.  Before confirmation of a plan could be attained, Debtors had to amend some of their schedules, and seek and obtain, over the objections of interested parties, certain orders allowing them to obtain credit, use cash collateral, and trade property.  Debtors also had to respond to and resolve relief from stay, rejection of executory contract, and dismissal motions filed by various parties in interest.  Debtors ultimately obtained confirmation of a plan on May 13, 2005.   In short, the case was heavily litigated and required substantial work regarding non routine matters by Debtors' counsel.

　　　On February 8, 2006, Attorney Ewinger filed his fee application. He sought $20,130.00 for compensation of services, $1,228.56 for sales tax, and $758.71 for reimbursement of expenses

In re Baloun
March 3, 2006
Page 2

for a total fee request of $22,117.27.  Debtors filed a *pro se* objection to the application.  They complained the fees were extremely high, and that they were not happy with some of the plan terms regarding treatment of some secured claims and one lease payment.

*Applicable law.*  Section 330(a) governs compensation of a professional from the estate. It provides that reasonable compensation for actual, necessary services and reimbursement for actual, necessary expenses may be paid from the estate. 11 U.S.C. § 330(a).  Compensation is not to be awarded for unnecessary duplication of services or for services that were not "reasonably likely" to benefit the bankruptcy estate. 11 U.S.C. § 330(a)(4)(A). There is an exception.  In a Chapter 13 case, the debtor's attorney may be compensated from the estate for services that did not necessarily benefit the estate if the services nonetheless benefitted the debtor and were necessary.  11 U.S.C. § 330(4)(B).

Factors to consider when determining the reasonableness of the compensation sought are:

> ... the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §  330(a)(3).  These several factors, incorporated into § 330(a) by amendments to the statute in 1994, reflect the often-followed criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See In re McKeeman*, 236 B.R. 667, 670-71 (B.A.P. 8th Cir. 1999).  Application of the factors allows the court to use the "lodestar" method of calculating fees:

In re Baloun
March 3, 2006
Page 3

multiplying the reasonable hourly rate by the reasonable number of hours required.  *Id.*

*Discussion.*  Based on a review of this case file and the law set forth above, it is clear that Attorney Ewinger's requested fees are reasonable and that they benefitted both the bankruptcy estate and Debtors.  Attorney Ewinger spent an appropriate amount of time on each service, all the services he rendered for Debtors were necessary, his services benefitted either Debtors or the bankruptcy estate, and the hourly rate he charged Debtors was commensurate with rates charged by other area bankruptcy attorneys with similar experience and skills.  Accordingly, Debtors' objection is without merit and Attorney Ewinger's fee application will be granted under § 330(a).

While the Court notes that Debtors are unhappy with some of the terms of their confirmed plan, the time to express those concerns was *before* their proposed plan was filed, not after it was already confirmed.  Moreover, the Court's review of Attorney Ewinger's work in other Chapter 12 and Chapter 13 cases has been extensive.  No problems with his legal work or the results obtained have ever been presented in his prior cases and none were found here.

An appropriate fee order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

---

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota